UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                 Case No. 22-CR-193

STANLEY J. SEIFERT III,

        Defendant.

## PLEA AGREEMENT

1. The United States of America, by its attorneys, Gregory J. Haanstad, United States Attorney for the Eastern District of Wisconsin, and Timothy W. Funnell, Assistant United States Attorney, and the defendant, Stanley J. Seifert III, individually and by attorney Brett E. Reetz, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2. The defendant has been charged in a five-count indictment, which alleges violations of Title 18, United States Code, Sections 2422(b), 2251(a), & 2252A(a)(2)(A).

3. The defendant has read and fully understands the charges contained in the indictment. He fully understands the nature and elements of the crimes with which he has been charged, and those charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

4. The defendant voluntarily agrees to plead guilty to the following counts set forth in full as follows:

## COUNT ONE
### (Child enticement)

**THE GRAND JURY CHARGES THAT:**

From on or about July 1, 2022, and continuing until on or about August 29, 2022, in the State and Eastern District of Wisconsin and elsewhere,

**STANLEY J. SEIFERT III**

used and attempted to use the mail and any facility and means of interstate commerce to knowingly persuade, induce, and entice JV-1, a minor female who Seifert knew to be less than 18 years of age, to engage in sexual activity for which Seifert can be charged with a criminal offense under Wisconsin Statute § 948.09.

In violation of Title 18, United States Code, Section 2422(b).

## COUNT THREE
### (Receiving child pornography)

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about August 7, 2022, in the State and Eastern District of Wisconsin and elsewhere,

**STANLEY J. SEIFERT III**

knowingly received child pornography that depicted JV-1, a minor female who had not attained the age of 18 years, which was received using any means and facility of interstate commerce, and was produced using materials that had been mailed, shipped, and transported by a means of interstate and foreign commerce, including by computer.

2. Namely, the child pornography is an image of JV-1 lasciviously displaying her genitals and pubic area, identified by the following partial file name: 20220807_152704.jpg.

All in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(b)(1).

## COUNT FOUR
### (Receiving child pornography)

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about August 29, 2022, in the State and Eastern District of Wisconsin and elsewhere,

knowingly received child pornography that depicted JV-1, a minor female who had not attained the age of 18 years, which was received using any means and facility of interstate commerce, and was produced using materials that had been mailed, shipped, and transported by a means of interstate and foreign commerce, including by computer.

2. Namely, the child pornography is a video image of JV-1 lasciviously displaying her genitals and pubic area and masturbating with a hairbrush.

All in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(b)(1).

5. The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offenses described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the facts in Attachment A beyond a reasonable doubt. The defendant admits that the facts in Attachment A are true and correct and establish his guilt beyond a reasonable doubt. This information is provided for the purpose of setting forth a factual basis for the plea of guilty. It is not a full recitation of the defendant's knowledge of, or participation in, these offenses.

## PENALTIES

6. The parties understand and agree that the offenses to which the defendant will enter a plea of guilty carry the following statutory penalties:

> Count One: A mandatory minimum of 10 years and a maximum of life in prison; a maximum $250,000 fine; a mandatory minimum of five years and a maximum of life on supervised release.

> Count Three: A mandatory minimum of five years and a maximum of life in prison; a maximum $250,000 fine; a mandatory minimum of five years and a maximum of life on supervised release.

> Count Four: A mandatory minimum of five years and a maximum of life in prison; a maximum $250,000 fine; a mandatory minimum of five years and a maximum of life on supervised release.
>
> Each count also carries a mandatory special assessment of $100.

7. The defendant acknowledges, understands, and agrees that he has discussed the relevant statutes as well as the applicable sentencing guidelines with his attorney.

## DISMISSAL OF REMAINING COUNTS

8. The government agrees to move to dismiss the remaining counts of the indictment at the time of sentencing. The government also agrees that the defendant's acceptance of this agreement is contingent upon the dismissal of *State of Wisconsin v. Stanley J. Seifert III*, Kewaunee County Case No. 2022CF0078.

## ELEMENTS

9. The parties understand and agree that to sustain the charge of child enticement as set forth in Count One, the government must prove each of the following propositions beyond a reasonable doubt:

> First, the defendant used or attempted to use the mail or any facility or means of interstate commerce to knowingly persuade, induce, or entice JV-1 to engage in sexual activity; and
> Second, JV-1 was less than 18 years of age; and
> Third, the defendant believed JV-1 was less than 18 years of age; and
> Fourth, if the sexual activity had occurred, the defendant would have committed the criminal offense of sexual intercourse with a child in violation of Wis. Stats. § 948.09.

10. The parties understand and agree that to sustain the charge of receiving child pornography as set forth in Counts Three and Four, the government must prove each of the following propositions beyond a reasonable doubt:

> First, the defendant knowingly received the material described in the indictment; and
> Second, the material is child pornography; and

4

Third, the defendant knew both that the material depicted one or more minors and that the minors were engaged in sexually explicit conduct; and Fourth, the material was received using any means or facility of interstate commerce, including by computer.

## SENTENCING PROVISIONS

11. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

12. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

13. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offenses set forth in paragraph 4. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

14. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

## Sentencing Guidelines Calculations

15. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

## Relevant Conduct

16. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual ("USSG") § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offenses to which the defendant is pleading guilty.

## Base Offense Level

17. The government will recommend the following base offense levels:

    Count One: 32 under USSG §§ 2G2.1(a) & 2G1.3(c)(3).

    Counts Three and Four: 22 under USSG § 2G2.2(a)(2).

## Specific Offense Characteristics

18. The government will recommend that the following offense-level increases:

    Count One: four levels under USSG § 2G2.1(b)(1); two levels under USSG § 2G2.1(b)(2)(A); two levels under USSG § 2G2.1(b)(3); four levels under USSG § 2G2.1(b)(4); and two levels under USSG § 2G2.1(b)(6).

    Counts Three and Four: two levels under USSG § 2G2.2(b)(2); seven levels under USSG § 2G2.2(b)(3)(E); four levels under USSG § 2G2.2(b)(4); five levels under USSG § 2G2.2(b)(5); two levels under USSG § 2G2.2(b)(6); and five levels under USSG § 2G2.2(b)(7)(D).

6

## Acceptance of Responsibility

19. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

## Sentencing Recommendations

20. Both parties reserve the right to provide the district court and the probation office with any information which might be pertinent to the sentencing process, including but not limited to any conduct related to the offense as well as any matters which might constitute aggravating or mitigating sentencing factors.

21. Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement.

22. Both parties are free to argue regarding the sentence of imprisonment to be imposed on each count.

## Court's Determinations at Sentencing

23. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6. The parties further understand that the sentencing court will be guided by

the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

24. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty pleas solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

25. The defendant acknowledges and understands that any financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction. The defendant further understands that any payment schedule imposed by the sentencing court shall be the minimum the defendant is expected to pay and that the government's collection of any court-imposed financial obligations is not limited to the payment schedule. The defendant agrees not to request any delay or stay in payment of any financial obligations. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the court specifically directs participation or imposes a schedule of payments.

26. The defendant agrees to provide to the Financial Litigation Unit (FLU) of the United States Attorney's Office, at least 30 days before sentencing, and upon request of the FLU during any period of probation or supervised release imposed by the court, a complete and sworn financial statement on a form provided by FLU and any documentation required by the form. The defendant further agrees, upon request of FLU whether made before or after sentencing, to promptly: cooperate in the identification of assets in which the defendant has an interest, cooperate in the liquidation of any such assets, and participate in an asset deposition.

### Fine

27. The parties agree not to recommend a fine.

8

### Special Assessment

28. The defendant agrees to pay the special assessment in the amount of $300 prior to or at the time of sentencing.

### Restitution

29. The defendant agrees to pay restitution as ordered by the court. The defendant understands that because restitution for the offenses is mandatory, the amount of restitution shall be imposed by the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

### Forfeiture

30. The defendant agrees that all property described in the indictment constitutes the proceeds of the offenses to which he is pleading guilty or were used to facilitate such offenses. The defendant agrees to the forfeiture of these properties and to the immediate entry of a preliminary order of forfeiture. The defendant agrees that he has an interest in each of the listed properties. The parties acknowledge and understand that the government reserves the right to proceed against assets not identified in this agreement.

### DEFENDANT'S WAIVER OF RIGHTS

31. In entering this agreement, the defendant acknowledges and understands that he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

Case 1:22-cr-00193-WCG   Filed 12/01/22   Page 9 of 14   Document 12

b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

32. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

33. The defendant acknowledges and understands that he will be adjudicated guilty of the offenses to which he will plead guilty and thereby may be deprived of certain rights,

including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

34. The defendant knowingly and voluntarily waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

35. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives his right to appeal his conviction or sentence in this case and further waives his right to challenge his conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. As used in this paragraph, the term "sentence" means any term of imprisonment, term of supervised release, term of probation, supervised release condition, fine, forfeiture order, and restitution order. The defendant's waiver of appeal and post-conviction challenges includes the waiver of any claim that (1) the statute[s] or Sentencing Guidelines under which the defendant is convicted or sentenced are unconstitutional, and (2) the conduct to which the defendant has admitted does not fall within the scope of the statutes or Sentencing Guidelines. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment exceeding the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, such as race, religion, or sex, (3) ineffective assistance of counsel in connection with the negotiation of the plea agreement or sentencing, or (4) a claim that the plea agreement was entered involuntarily.

## MISCELLANEOUS MATTERS

36. Pursuant to 18 U.S.C. § 3583(d), the defendant has been advised and understands the court shall order as a mandatory condition of supervised release, that the defendant comply with state sex offender registration requirements. The defendant also has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: the location of his residence; the location of his employment; and, if he is a student, the location of his school. Registration will require that the defendant provide information that includes, name, residence address, and the names and addresses of any places at which he will be an employee or a student. The defendant understands that he must update his registration not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations may subject him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine and/or imprisonment.

## GENERAL MATTERS

37. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

38. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to

12

appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant further acknowledges and understands that the government's agreement to dismiss any charge is conditional upon final resolution of this matter. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to reinstate any dismissed charges and to file any charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and his attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that he continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

39. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 11-21-2022

_____
STANLEY J. SEIFERT III
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 12-1-2022

_____
BRETT E. REETZ
Attorney for Defendant

For the United States of America:

Date: 12/1/2022

_____
GREGORY J. HAANSTAD
United States Attorney

Date: 12/1/2022

_____
TIMOTHY W. FUNNELL
Assistant United States Attorney

14